IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD CRAIG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:25-cv-05013-MDH |
| ) | |
| PAUL SHUMATE and ) | |
| AMANDA SUE SHUMATE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendants *Pro Se* Motion for Reconsideration and Demand for Explanation (Doc. 14). Defendants ask this Court to reconsider its order on March 4, 2025 denying Defendants various motions and remanding the case back to the Circuit Court of McDonald County, Missouri. (Doc. 13).

The Eighth Circuit has held, "Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (citations omitted). Motions under Rule 59(e) may only correct manifest errors or present newly discovered evidence. *Id*. Petitioners may not rely on Rule 59(e) to introduce new evidence or raise new arguments or theories. *Id*.

Here, the Court has made no mistake in its Order to remand. When evaluating whether federal question jurisdiction exists, federal courts utilize the "well-pleaded complaint rule" and look only at the face of the complaint. *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1986)). "When a complaint asserts

1

only state law claims, the case cannot be removed to federal court based on either a counterclaim or an anticipated defense that arise under federal law." *State of Missouri et al., Tomas Ceasar Popson*, 2021 WL 5546461 at *4 (W.D. Mo. 2021).[1] As referenced earlier in this Court's Order to Remand (Doc. 13) and in the first instance of remand in *Craig v. Shumate et. al.*, 3:24-CV-05096-SRB, Doc. 13 Plaintiff's Complaint listed only a cause for unlawful detainer under Missouri law and presented no federal law claims. Thus, by that very act, the federal courts do not have jurisdiction over this matter.

Further, the federal courts share concerns for finality and consistency and has generally declined to expand opportunities for collateral attack on a state's judgment of finality. *Heck v. Humphrey*, 512 U.S. 477, 484–85, 114 S. Ct. 2364, 2371, 129 L. Ed. 2d 383 (1994). Judgment against Defendants on the state unlawful detainer action was entered on February 10, 2025. As such the proper place to appeal that decision is within the state court of appeals and not as a collateral attack through the federal court system.

For the reasons stated, Defendants' *Pro Se* Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 6, 2025

 /s/ Douglas Harpool  
**DOUGLAS HARPOOL**  
**United States District Judge**

---

[1] *See also* Baker v. Martin Marietta Materials, Inc., 745 F.3d 919, 923 (8th Cir. 2014); Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062, 156 L. Ed. 2d 1 (2003).